**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5042**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HENRY THOMAS CLARK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00297-WO-1)

Submitted:  October 20, 2010       Decided:  November 4, 2010

Before KING, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Henry Thomas Clark pled guilty to possession with intent to distribute 11.6 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court sentenced Clark to 252 months' imprisonment, a ten-month downward variance from the guidelines range. Clark timely appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning the reasonableness of Clark's sentence. Clark filed a pro se supplemental brief challenging his conviction on double jeopardy grounds and asserting claims of ineffective assistance of appellate counsel.

Turning first to Clark's double jeopardy challenge, he contends that because he was convicted in state court for the same conduct that gave rise to the federal charges, his federal conviction is unconstitutional. We conclude that the dual sovereignty exception to the double jeopardy bar applies in this case and that Clark's federal conviction is constitutionally sound. See Heath v. Alabama, 474 U.S. 82, 89 (1985) ("[T]he Court has uniformly held that States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' and not from the Federal Government.") (citation

2

omitted); <u>Rinaldi v. United States</u>, 434 U.S. 22, 28 (1977) ("[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act.").

Appellate counsel questions Clark's sentence, but ultimately concludes that it is reasonable. An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. <u>Id.</u> First, the court must assess whether the district court properly calculated the guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. <u>Id.</u> at 49-50; <u>see</u> <u>United States v. Lynn</u>, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" <u>United States v. Engle</u>, 592 F.3d 495, 500 (4th Cir.) (quoting <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007)), <u>cert. denied</u>, 79 U.S.L.W. 3018 (U.S. Oct. 4, 2010) (No. 09-1512). Even if the sentence is procedurally reasonable, the court must consider the

3

substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

The district court properly calculated Clark's guidelines range, provided an individualized analysis of the § 3553(a) factors as they apply to Clark's circumstances, and analyzed the arguments presented by the parties. Furthermore, the court granted a ten-month downward variance from the advisory guidelines range to credit Clark with the time served on his initial sentence in state court for the same conduct. We conclude that Clark's sentence is reasonable.

Finally, in his pro se supplemental brief, Clark claims he received ineffective assistance of appellate counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because the record does not conclusively show that

Clark's counsel was ineffective, we decline to consider Clark's claims on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Clark's conviction and sentence. We deny Clark's pro se motion for copies of documents. This court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for further review. If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clark. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>